John Lee REDPATH

v.

Henry A. KISSINGER, Secretary of State of the United States of America, et al.

Civ. A. No. SA75CA275.

United States District Court,
W. D. Texas,
San Antonio Division.

May 6, 1976.

John Lee Redpath, pro se.

John E. Clark, U. S. Atty., Henry Valdespino, Asst. U. S. Atty., San Antonio, Tex., for defendants.

SPEARS, Chief Judge.

### ORDER

On this date came on to be considered a Petition for a Writ of Mandamus filed by John Lee Redpath against Henry A. Kissinger, the Secretary of State of the United States, Joseph John Jova, Ambassador of the United States to the Republic of Mexico, Charles F. Brown, American Consul, and Mathias J. Orthwein, Consul General of the United States at Guadalajara, Mexico; and for the appointment of counsel. The substance of Petitioner's allegations are that he was incarcerated by Mexican officials, subjected to torture, and that the Defendants have negligently failed and refused to accord him the assistance which he as an American citizen was entitled to receive.

The government has filed a Motion to Dismiss, together with a Memorandum of Authorities in support thereof. Attached to the government's Motion is the affidavit of Alan W. Gise, Director of the Office of Special Consular Services, Bureau of Security and Consular Affairs, Department of State. This instrument sets out that Redpath was arrested in Morelia, Michoacan, Mexico on January 22, 1975 and charged with passing bad checks. The United States Consulate General was notified, a consular officer talked to Redpath the next day, and although Redpath at that time had no attorney, the affidavit shows he was in fact afforded a court appointed attorney, Public Defender Alicia Garcia Quintanos,

who represented him during his trial which resulted in a sentence of five years in prison. Mr. Gise states that the sentence has been reduced, and that in due course upon good behavior the defendant will be released from imprisonment. The Gise report shows that he was a member of a panel of United States government officials which conducted an inquiry into allegations by American prisoners in Mexico about their treatment; that Redpath's allegations of torture were included in that inquiry; and that they were found to be unsubstantiated.

Attached to the government's reply is a copy of pertinent sections of the Special Consular Services Memorandum governing and directing the handling of foreign imprisoned American nationals. These rules and regulations appeared to have been followed wherever applicable. Although Redpath alleges that he has been "tortured", no specific instances of "torture" are found in his pleadings. In the main his allegations reflect incarceration in cold, dirty and inhospitable jail facilities.

There is no doubt that a District Court has no authority to grant the requested relief by Writ of Mandamus or otherwise. The applicable statute, 22 U.S.C. § 1732, provides:

"Whenever it is made known to the President that any citizen of the United States has been unjustly deprived of his liberty by or under the authority of any foreign government, it shall be the duty of the President forthwith to demand of that government the reasons of such imprisonment; and if it appears to be wrongful and in violation of the rights of American citizenship, the President shall forthwith demand the release of such citizen, and if the release so demanded is unreasonably delayed or refused, the President shall use such means, not amounting to acts of war, as he may think necessary and proper to obtain or effectuate the release; and all the facts and proceedings relative thereto shall as soon as practicable be communicated by the President to Congress. R.S.Sec. 2001."

*United States v. Dulles*, 3 Cir., 222 F.2d 390, is dispositive of the instant petition for a Writ of Mandamus. In that case an American soldier had been tried for robbery by a French court and assessed a term of imprisonment. His wife filed a Petition for Habeas Corpus in the U.S. District Court for the District of Columbia, naming as Respondents the Secretary of State, the Secretary of Defense and the Secretary of the Army, alleging in substance that they had failed to perform their respective duties in protecting her husband from prosecution. The Respondents' Motion to Dismiss was granted on the ground that the Petitioner was not in the custody of Respondents and that the court was without jurisdiction to grant the requested writ. Upon appeal, the appellate tribunal agreed with the trial court's disposition, but reviewed and considered the case as one seeking a mandatory order requiring the Secretary of State to obtain Keith's release through diplomatic negotiations with France. Under provisions of a governing treaty, the United States was required to do certain things, among which was to have a representative of the Staff Judge Advocate present at the trial. This was done and no unconstitutional irregularities were reported. The Court of Appeals held:

"(The Secretary) was not under a legal duty to attempt through diplomatic processes to obtain Keith's release. Quite to the contrary, the commencement of diplomatic negotiations with a foreign power is completely in the discretion of the President and the head of the Department of State, who is his political agent. The Executive is not subject to judicial control or direction in such matters. *Marbury v. Madison*, 1 Cranch 137, 164, 5 U.S. 137, 164, 2 L.Ed. 60; . . . Accordingly, we hold the petition was properly dismissed, even though it be regarded as seeking affirmative injunctive relief against the Secretary of State."

The Supreme Court has defined the powers of the courts of the United States with respect to the disposition of matters such as the one under consideration. In *Oetjen v. Central Leather Company*, 246 U.S. 297, 38 S.Ct. 309, 62 L.Ed. 726, which involved a dispute over the seizure of certain property by Mexico and the interpretation of certain treaty rights claimed by the parties, it was held that the conduct of the foreign relations of the United States is committed by the Constitution to the Executive and Legislative Departments of the government, and the propriety of what may be done in the exercise of these powers is not subject to judicial inquiry or decision.

■ Now, as the government points out, the Petitioner received the services of American consular officers as set forth in the Consular Affairs memorandum attached to its Motion. Nothing is found from the Petitioner himself which reflects that his arrest and conviction were improper. The Director of Special Consular Services, who is the official apparently charged with the duty of investigating the imprisonment of American nationals abroad, made special inquiry into the torture allegations of Redpath and found no substantiation for that claim. The rights of Petitioner accruing under the statute concerning citizens in prison by foreign governments, 22 U.S.C. § 1732, to have his case examined into and a report made thereof have been accorded to him. The government's response shows that the claim of Petitioner has been followed up with appropriate inquiries by the officials charged with the protection of arrested American nationals, and any further action with respect to Redpath's situation will have to be taken by the Executive through his agent, the Secretary of State. The general rule with respect to the use of mandamus which is an extraordinary writ is stated by the Court of Appeals for the Fifth Circuit as follows:

"Before the writ of mandamus may properly issue three elements must coexist: (1) A clear right in the plaintiff to the relief sought; (2) a clear duty on the part of defendant to do the act in question; and (3) no other adequate remedy available." *Carter v. Seamans*, 411 F.2d 767, cert. den. 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121.

Plaintiff's petition does not satisfy this requirement. The official actions sought are not ministerial, but are clearly of a diplomatic nature involving the exercise of discretion by the Executive, or under his direction.

In view of the disposition of this cause, no counsel will be appointed as requested by Plaintiff. It is accordingly,

ORDERED that the Petition for a Writ of Mandamus of John Lee Redpath be, and the same is hereby, DISMISSED.